IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DEMONDRIA JEFFERSON** | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV143 |
| | § | |
| **GRAYSON COUNTY, GRAYSON** | § | |
| **SHERIFF'S DEPARTMENT, SECURITAS** | § | |
| **SECURITY SERVICES, USA, INC. and** | § | |
| **TASER INTERNATIONAL, INC.** | § | |
| | § | |
|    Defendants. | § | |

**REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE
ON DEFENDANT GRAYSON COUNTY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**I.     BACKGROUND**

Plaintiffs Demondria Jefferson and Demondria Jefferson as Guardian of Ki'Asha Buchanan, a minor child (for brevity and ease, the Court will refer to these two individuals collectively in the singular as "Plaintiff"), claim that they were injured in an incident that allegedly occurred on or about March 18 and 19, 2009, at the Grayson County Jail. The complaint was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

On March 18, 2009, Demondria Jefferson turned herself in to the Grayson County Jail for outstanding traffic warrants. She alleges that she was two and one-half months pregnant at that time with Ki'Asha. After she was booked and while she was in a holding cell in the early morning hours of March 19, 2009, she alleges a guard came to take her to her cell. In the course of ascertaining

Jefferson's medical condition, the Jail's medical personnel decided it was necessary for her to take a tuberculosis test. She declined, alleging in her complaint that the Jail's and the Grayson County Sheriff's Department's policy was that the test was not mandatory. Jail personnel allegedly insisted and a conflict ensued, during which Jefferson crossed her arms and refused to allow the skin test.

She alleges that Defendants Miller and Burkhart entered her cell with a taser and attempted to unfold her arms. During the struggle, Jefferson alleges that Defendant Miller used her taser at least three times and both defendants called for assistance with her. Jefferson alleges that Defendants Phea, Pearson, Bowman, Neal, Lynch, Scally, Aguirre, Gray and Perkins responded and assisted Defendants Miller and Burkhart subdue her. She alleges she was hurt during the struggle to the floor. One of them allegedly administered the skin test with a needle, after which Defendant Burhkart said that the taser lead stuck in Jefferson's chest and Defendant Miller agreed.

Jefferson alleges that the defendants restrained her while medical personnel tried twice over a span of several minutes in each attempt to retrieve the taser lead before it was removed from her body. She alleges they then left her in the holding cell and were deliberately indifferent to her medical needs afterwards. She claims she experienced "pain all over her body" and went to the hospital after she was released, where she was diagnosed with contusions on her arms, legs, back and chest and had muscle spasms. She alleges she is "on pain medication and muscle relaxers," but has not specified what the medication is or whether it was medically prescribed.

Plaintiff filed her original complaint on March 18, 2011. *See* docket entry #1 ("Original Complaint"). Following an early round of motions, she then filed her amended complaint (docket entry #20) ("Amended Complaint"), which is the operative pleading in this action.

Plaintiff is suing the Grayson County Sheriff's Department ("GCSD"); Grayson County;

Securitas Security Services, USA, Inc. ("Securitas"); Taser International, Inc. ("Taser"); and a number of individuals, including GCSD deputies Donna Miller; Robert Burkhart; Carl Phea; Wanda Pearson; Jason Bowman; Robert Neal; and GCSD medical personnel Patrick Lynch; as well as Securitas employees Le'Ann Scally; Rene Aguirre; Josh Gray; and Michael Perkins.

Plaintiff's claims include a claim against all defendants except Taser pursuant to 42 U.S.C. § 1983 for allegedly violating her Fifth, Eighth and Fourteenth Amendment rights for failing to provide proper medical treatment, indifference to her medical needs, and "erroneous customs, policies, and procedures." Applicable to Grayson County and GCSD, Plaintiff brings claims for excessive use of force, failure to properly train officers in use of a taser; failure to properly discipline and supervise and failure to dismiss violent officers, deliberate indifference to Plaintiff's medical needs, denial of medical attention, and failure to properly train officers in "recognizing and responding to pregnant citizens."

Plaintiff's claims against individual officers include excessive use of force, failure to stop the use of excessive force, and deliberate indifference.

Plaintiff also makes certain "pendent state law claims" against Securitas and Securitas private security officers for similar conduct as described above.

In the alternative, Plaintiff brings "assault and battery" claims against Securitas and all of the individual defendants, but not Taser, Grayson County or GCSD.

Finally, Plaintiff brings a product liability claim against Taser.

The subject of this Report and Recommendation is the Motion to Dismiss Amended Complaint ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6) brought by Defendant Grayson County. *See* docket entry #23. Plaintiff has filed a Response ("Response") in opposition to the Motion. *See*

docket entry #25.

**II.    STANDARD**

In the Fifth Circuit, "(A) motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The court is required to construe the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true. *See Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). However, in ruling on a Rule 12(b)(6) motion to dismiss, the district court cannot look beyond the pleadings, *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). Thus, the Court will not look beyond the pleadings here.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Rule 8 does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (internal quotation omitted). A plaintiff meets this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS AND DISCUSSION

Defendant Grayson County argues that Plaintiff does not state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In particular, Grayson County contends that it has no policy, practice or custom that could be the impetus behind the conduct alleged in Plaintiff's complaint, nor has Plaintiff even alleged that such a policy, practice or custom exists. In addition, Grayson County asserts that Plaintiff seeks to hold it liable on a theory of *respondeat superior*, which must fail in the context of a lawsuit pursuant to 42 U.S.C. § 1983. Further, Grayson County contends that Plaintiff's allegations with regard to the County's failure to train the officers involved and its denial of or deliberate indifference toward her medical needs are all conclusory and inadequate to state a claim. It asserts that it is immune from state law claims in any event. Besides Grayson County's arguments in its own defense, it also asserts that Plaintiff's state law claims against its employees, Defendants Miller, Burkhart, Phea, Pearson, Bowman, Neal and Lynch must be dismissed pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(a).[1]

In her Response, Plaintiff addresses virtually none of these defenses head on. In fact, she largely ignores them. Instead, she simply relies on the argument that she made against the motion to dismiss filed by Grayson County's co-defendant, GCSD. Specifically, she asserts that she is suing Grayson County and GCSD together as a single entity, citing *Darby v. City of Pasadena*, 939 F.2d 311, 313 (5th Cir. 1991) in support of her theory. The Court has addressed this theory fully in the

---

[1] It is not clear to the Court that these individual defendants have even been served, as Plaintiff has not filed any proof of service. The Court will address Grayson County's defense of them as stated in the Motion, but reserves the power to dismiss them in the event that Plaintiff has failed to effect proper service in accordance with Fed. R. Civ. P. 4(m).

companion Report and Recommendation on GCSD's motion to dismiss that it has issued concurrently with the one herein. Without repeating the analysis here, the Court has found that Plaintiff's theory of GCSD's susceptibility to suit is untenable and contrary to other holdings of the United States Court of Appeals for the Fifth Circuit. *See, e.g., Crull v. City of New Braunfels, Texas*, 267 Fed. Appx. 338, 341 (5th Cir. 2008) (per curiam); *Combs v. City of Dallas*, 289 Fed. Appx. 684, 686 (5th Cir. 2008) (per curiam). Even if there were a basis for her theory, it would only impact GCSD's vulnerability to suit, not Grayson County's defenses stated here.

Other than this unavailing theory, Plaintiff only argues that Grayson County seeks that this Court impose "a 'heightened pleading standard,' that was rejected by the U.S. Supreme Court in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit et. al.*, 507 U.S. 163 (1993)." Response at 3. In that vein, she asserts that Fed. R. Civ. P. 8 only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. However, she has wholly ignored the standard for pleading, even under Rule 8, stated in *Iqbal*, 556 U.S. at 678, above, and discussed further below.

### A. Grayson County's Policies And/Or Customs

A county, such as Grayson County, can only be held liable under § 1983 if official policy or custom caused the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also Keele v. Guajardo*, 71 Fed. Appx. 369, 370 (5th Cir. 2003). Only when the execution of a county's policies or its customs deprives an individual of constitutional or federal rights, does liability under Section 1983 result. *Colle v. Brazos County, Texas*, 981 F.2d 237, 244 (5th Cir.1993); *see also Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (plaintiffs seeking

to impose liability on a municipality under Section 1983 must identify a municipal policy or custom that caused the plaintiff's injury); *see also Keele*, 71 Fed. Appx. at 370.

Here, Plaintiff has alleged that Grayson County "establishes the policies used to fund the jail and the GCSD." Amended Complaint at 2. Further, that Grayson County "has a constitutional duty to fund the jail and the GCSD with sufficient funds and/or resources to ensure that the jail is operated humanely, in compliance with the minimum constitutional standards." *Id*. However, Plaintiff also alleges that it is GCSD who "is ultimately responsible for the implementation of the policies, procedures, practices, and customs for the operation of the Grayson County Jail, as well as the acts and omissions challenged by this suit." *Id*. Also Plaintiff alleges that only GCSD "establishes the policies, procedures, customs and practices for the day to day operation of the jail." *Id*. Finally, and at odds with her earlier allegation, Plaintiff alleges that both Grayson County and GCSD "are ultimately responsible for the implementation of the policies, procedures, practices, and customs for the operation of the Grayson County Jail, as well as the acts and omissions challenged by this suit." *Id*. Even in the individual causes of action, Plaintiff only states that the defendants acted "pursuant to customs and policies of the Grayson County, as adopted and implemented by the GCSD . . . ." *Id*. at 8. However, other than these very broad and boilerplate statements, which contradict each other, Plaintiff has not identified any specific policy or custom established by Grayson County with regard to any of the conduct she alleges occurred at the hands of the officers at the Jail. Instead, all of the factual allegations contained in the Amended Complaint focus exclusively on the officers she alleges were involved.

Under *Iqbal*, a plaintiff's complaint is sufficient if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

556 U.S. at 678. As Plaintiff points out, Fed. R. Civ. P. 8(a) only requires that pleadings setting out a claim for relief contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Response at 3 (citing *Leatherman*, 507 U.S. at 168 and *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the Supreme Court has much more recently made clear that a short and plain statement of the claim is one that gives the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Twombly*, 550 U.S. at 555.

Similarly, the Fifth Circuit has stated that civil rights claimants must state specific facts, not conclusory allegations. *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir.1986); *see also Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir.1996) (Section 1983 actions against governmental officials require "claims of specific conduct and action giving rise to a constitutional violation," not merely conclusory assertions). Here, Plaintiff's allegations of a policy or custom established and acted upon by Grayson County, as quoted above, are wholly conclusory. They do not actually identify any specific policy or custom; they merely recite, in boilerplate fashion, that Grayson County "establishes" certain "policies" that "fund" GCSD and the Jail. Amended Complaint at 2. None of the other allegations quoted above illuminate this utterly bare statement with any facts or explanation of any sort. These types of conclusory allegations, which amount to little more than unsupported filler, do not state any specific conduct or action and therefore cannot put Grayson County on fair notice of Plaintiff's actual claims against it.

For this reason, the claims against Grayson County are simply conclusory, do not state actual conduct supporting a claim of a constitutional violation, and are therefore without merit.

**B.     Vicarious Liability Of Grayson County**

There is nothing whatsoever in the Amended Complaint alleging or indicating that Grayson

County had any direct role in any of the conduct alleged of the individual officers on April 18 and 19, 2009. Instead, Plaintiff's claim essentially falls under the doctrine of vicarious liability or *respondeat superior*. However, the doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell*, 436 U.S. at 691; *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Under 42 U.S.C. § 1983, a supervisory entity or officials are not liable for subordinates' actions on any vicarious liability theory. In fact, the Supreme Court recently held that the term "supervisory liability" in the context of a § 1983 lawsuit is a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *See Iqbal*, 556 U.S. at 677. There, the Supreme Court rejected an argument that government officials may be held liable because they merely had knowledge or acquiesced in their subordinate's misconduct. *Id*. As a result of *Iqbal*, courts have questioned whether supervisory liability remains an option at all in § 1983 cases. *See Dodds v. Richardson*, 614 F.3d 1185, 1194-95 (10th Cir. 2010); *Parrish v. Ball*, 594 F.3d 993, 1001 n.1 (8th Cir. 2010); *see also Floyd v. City of Kenner, La.*, 351 Fed. Appx. 890, 897 (5th Cir. 2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," quoting *Iqbal*, 556 U.S. at 676).

Under Fifth Circuit jurisprudence, a supervisory entity may only be held liable if one of the following exists: (1) personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisory entity's wrongful conduct and the constitutional violations. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). These two conditions are consistent with the Supreme Court's holding that mere knowledge or acquiescence is insufficient to create supervisory liability in the § 1983 setting. *Iqbal*,

556 U.S. at 677. Here, Plaintiff has not alleged nor shown that Grayson County met either of these criteria.

Therefore, this basis for suing Grayson County is also without merit.

### C. State Law Claims Against Grayson County

To the extent that any of the "pendent" claims Plaintiff makes against Grayson County under Texas state law remain after finding that no § 1983 claim is viable, Grayson County contends that it is immune from them. Plaintiff has not responded to this assertion.

Plaintiff's pleading as to "pendent state law claims" are not entirely clear. Immediately under this general heading in the Amended Complaint, she asserts that, "The *individual officers* are liable in context of the injuries in question because under Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code [§] 101.021, Defendant officer in the course and scope of their duties improperly or negligenty used tangible personal property (Taser) and caused an injury or death." *See* Amended Complaint at 11 (emphasis added). However, that statute is limited to liability on Texas governmental entities:

> A *governmental unit* in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*See* Tex. Civ. Prac. & Rem. Code § 101.021 (emphasis added). Plaintiff then goes on to identify specific claims under the heading of "PENDENT STATE LAW CLAIMS" against Defendant

Securitas and Defendants Securitas Private Security Officers. *See* Amended Complaint at 11-12. She has not made a claim against Grayson County, the governmental unit that is a state governmental unit under the statute, but has only named "*individual officers*" as the liable parties. *See id*. at 11.

Under Texas law, a governmental unit may be held liable for the negligent use of tangible property by its employees. *See*, *e.g.*, *City of Lubbock v. Nunez*, 279 S.W.3d 739, 742-43 (Tex. App.–Amarillo 2007, no pet.). There, the City of Lubbock pleaded lack of jurisdiction by action of the Texas Tort Claims Act (TTCA) because the complaint pleaded only intentional action by a police officer's use of a taser, and intentional action is not waived under the TTCA. *Id*. at 742. However, the Texas Court of Appeals found that although the taser had been intentionally used, negligence was at least implicitly pleaded as to the cause of the ensuing death. *Id*. at 743. Those facts sound similar to the situation here.[2] The difference is that, in *Nunez*, the plaintiff specifically pleaded the liability of the *governmental unit* under § 101.021 for the actions of its employee, not the employee's own liability. *See id*. at 740 ("In their petition, appellees allege that the City's governmental immunity was waived because [the employee police officer's] 'use of tangible personal property,' the taser, caused 'personal injury and death' and that the City 'would, were it a private person, be liable to the claimant according to Texas law.' *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2)" (footnote omitted)). Here, Plaintiff's Amended Complaint does no such thing, and she has not named Grayson County as a liable governmental entity in this respect at all. This being Plaintiff's second attempt at her complaint, the Court will not read in an attempt to do so, especially inasmuch as Plaintiff has wholly ignored this issue in her Response.

---

[2] In fact, Grayson County also contends that its immunity is not waived under the TTCA for intentional acts, pursuant to Tex. Civ. Prac. & Rem. Code § 101.057.

Next, Grayson County also contends that, to the extent Plaintiff's state law claim for "assault and battery" can be considered to include Grayson County within its scope, it is immune to this claim under the explicit language of Tex. Civ. Prac. & Rem. Code § 101.057:

> This chapter does not apply to a claim:
>
> (1) based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection, or rebellion; or
>
> (2) arising out of *assault, battery*, false imprisonment, *or any other intentional tort*, including a tort involving disciplinary action by school authorities.

*See id*. (emphasis added). It appears that Plaintiff agrees, as she has not named Grayson County as a liable party under this claim, *see* Amended Complaint at 13, although she did originally. *See* Original Complaint (docket entry #1) at 7. Moreover, Plaintiff explicitly states that "these acts and/or conduct were done intentionally, willfully and with malice . . . ," which squarely places the "assault and battery" charge under the immunity umbrella of § 101.057. *See Cameron County v. Ortega*, 291 S.W.3d 495, 498-99 (Tex. App.– Corpus Christi 2009, no pet.).

For these reasons, Plaintiff's state law claims against Grayson County are without merit.

### D.     Employee Liability Under Texas State Law

Finally, Grayson County asserts that because Plaintiff originally named the governmental entities as the liable defendants in her Original Complaint (docket entry #1), the government's employees (Defendants Miller, Burkhart, Phea, Pearson, Bowman, Neal and Lynch), named only in the Amended Complaint, must be dismissed pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(a), the Election of Remedies statute under Texas law. In pertinent part, that statute states:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

*See id*.

In her first complaint, Plaintiff explicitly named only the following defendants: Grayson County, Grayson County Sheriff's Department, Securitas Security Services, USA, Inc., and Taser International, Inc. *See* Original Complaint at 2-3 (identification of Parties). Similarly, only those defendants were identified in the Original Complaint's causes of action, including as to the Texas state law claim for assault and battery. No employee of any defendant, including particularly the governmental unit Grayson County or its servient unit GCSD, was named. However, when Plaintiff amended her complaint, she named only the individual employees of Grayson County listed above, along with Securitas and its employees, under the claim for assault and battery. *See* Amended Complaint at 13. Although Plaintiff also added other apparent state law claims against Securitas and Securitas employees, *id*. at 11-12, no employee of Grayson County is named in those particular claims.

Under Texas law, the selection of the governmental unit as a defendant in the first instance irrevocably names that entity as the defendant. The purpose behind this election-of-remedies scheme is "to force a plaintiff to decide at the outset whether [a governmental] employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *See Metropolitan Transit Auth. of Harris County v. Baltazar*, No. 01-11-00641-CV, 2012 WL 252153, at *3 (Tex. App. - Hous. [1st Dist.] Jan. 26, 2012, no pet.) (mem. op.) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (bracketed language added in *Baltazar*)).

In *Baltazar*, the plaintiff, who suffered a personal injury on a suddenly-stopping public bus, originally sued the county metropolitan transit authority, a governmental unit. *Baltazar*, 2012 WL 252153, at *1. She then filed a first amended petition adding the driver as a co-defendant. The transit authority then filed a motion to dismiss pursuant to Tex. Prac. & Rem. Code § 101.106(e), which allows the governmental unit to move to dismiss its employee from the lawsuit. *Baltazar*, 2012 WL 252153, at *1. Before the motion was ruled upon, the plaintiff again amended her petition to name only the transit authority. *Id*. The transit authority then filed a plea to the trial court's jurisdiction under Tex. Prac. & Rem. Code § 101.106(b), which, in a mirror image to § 101.106(a), provides that the filing of a suit against an employee of a governmental unit bars recovery against the governmental unit. *Baltazar*, 2012 WL 252153, at *1. The plaintiff responded, pointing to § 101.106(a) and the fact that she had originally named only the governmental unit transit authority, claiming that she had thus irrevocably chosen the governmental unit as her defendant. *Baltazar*, 2012 WL 252153, at *1. The Texas Court of Appeals agreed, finding "when she initially sued [the governmental unit], [the plaintiff] satisfied the requisites of the election-of-remedies provision by irrevocably electing [the governmental unit] as her defendant under subsection 101.106(a)." *Id*. at *4. The Texas Court of Appeals therefore overruled the transit authority's plea as to lack of jurisdiction. *Id*.

The same circumstance applies here as to Plaintiff's claims under Texas state tort law. Because she selected only the governmental unit Grayson County in her Original Complaint, she irrevocably elected that entity as her defendant on matters of Texas state tort law. Therefore, the claims against Grayson County's employees for the state law claim of assault and battery are without merit.

14

## IV.     RECOMMENDATION

It is therefore recommended that Defendant Grayson County's Motion to Dismiss (docket entry #23) be **GRANTED** and that Grayson County be **DISMISSED** from this complaint **WITH PREJUDICE**. It is further recommended that the state law claim for assault and battery against Grayson County employees Donna Miller; Robert Burkhart; Carl Phea; Wanda Pearson; Jason Bowman; Robert Neal; and Patrick Lynch also be **DISMISSED WITH PREJUDICE**. The remaining federal claims against those individual employees should be allowed to proceed.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 2nd day of May, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE