IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DEMONDRIA JEFFERSON** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV143 |
| | § | |
| **GRAYSON COUNTY, GRAYSON** | § | |
| **SHERIFF'S DEPARTMENT, SECURITAS** | § | |
| **SECURITY SERVICES, USA, INC. and** | § | |
| **TASER INTERNATIONAL, INC.** | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE
ON DEFENDANT TASER INTERNATIONAL, INC.'S,
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**I.  BACKGROUND**

Plaintiffs Demondria Jefferson and Demondria Jefferson as Guardian of Ki'Asha Buchanan, a minor child (for brevity and ease, the Court will refer to these two individuals collectively in the singular as "Plaintiff"), claim that they were injured in an incident that allegedly occurred on or about March 18 and 19, 2009, at the Grayson County Jail. The complaint was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

On March 18, 2009, Demondria Jefferson turned herself in to the Grayson County Jail for outstanding traffic warrants. She alleges that she was two and one-half months pregnant at that time with Ki'Asha. After she was booked and while she was in a holding cell in the early morning hours of March 19, 2009, she alleges a guard came to take her to her cell. In the course of ascertaining

Jefferson's medical condition, the Jail's medical personnel decided it was necessary for her to take a tuberculosis test. She declined, alleging in her complaint that the Jail's and the Grayson County Sheriff's Department's policy was that the test was not mandatory. Jail personnel allegedly insisted and a conflict ensued, during which Jefferson crossed her arms and refused to allow the skin test.

She alleges that Defendants Miller and Burkhart entered her cell with a taser and attempted to unfold her arms. During the struggle, Jefferson alleges that Defendant Miller used her taser at least three times and both defendants called for assistance with her. Jefferson alleges that Defendants Phea, Pearson, Bowman, Neal, Lynch, Scally, Aguirre, Gray and Perkins responded and assisted Defendants Miller and Burkhart subdue her. She alleges she was hurt during the struggle to the floor. One of them allegedly administered the skin test with a needle, after which Defendant Burhkart said that the taser lead stuck in Jefferson's chest and Defendant Miller agreed.

Jefferson alleges that the defendants restrained her while medical personnel tried twice over a span of several minutes in each attempt to retrieve the taser lead before it was removed from her body. She alleges they then left her in the holding cell and were deliberately indifferent to her medical needs afterwards. She claims she experienced "pain all over her body" and went to the hospital after she was released, where she was diagnosed with contusions on her arms, legs, back and chest and had muscle spasms. She alleges she is "on pain medication and muscle relaxers," but has not specified what the medication is or whether it was medically prescribed.

Plaintiff filed her original complaint on March 18, 2011. *See* docket entry #1 ("Original Complaint"). Following an early round of motions, she then filed her amended complaint (docket entry #20) ("Amended Complaint"), which is the operative pleading in this action.

Plaintiff is suing the Grayson County Sheriff's Department ("GCSD"); Grayson County;

Securitas Security Services, USA, Inc. ("Securitas"); Taser International, Inc. ("Taser"); and a number of individuals, including GCSD deputies Donna Miller; Robert Burkhart; Carl Phea; Wanda Pearson; Jason Bowman; Robert Neal; and GCSD medical personnel Patrick Lynch; as well as Securitas employees Le'Ann Scally; Rene Aguirre; Josh Gray; and Michael Perkins.

Plaintiff's claims include a claim against all defendants except Taser pursuant to 42 U.S.C. § 1983 for allegedly violating her Fifth, Eighth and Fourteenth Amendment rights for failing to provide proper medical treatment, indifference to her medical needs, and "erroneous customs, policies, and procedures." Applicable to Grayson County and GCSD, Plaintiff brings claims for excessive use of force, failure to properly train officers in use of a taser; failure to properly discipline and supervise and failure to dismiss violent officers, deliberate indifference to Plaintiff's medical needs, denial of medical attention, and failure to properly train officers in "recognizing and responding to pregnant citizens."

Plaintiff's claims against individual officers include excessive use of force, failure to stop the use of excessive force, and deliberate indifference.

Plaintiff also makes certain "pendent state law claims" against Securitas and Securitas private security officers for similar conduct as described above.

In the alternative, Plaintiff brings "assault and battery" claims against Securitas and all of the individual defendants, but not Taser, Grayson County or GCSD.

Finally, Plaintiff brings a product liability claim against Taser.

The subject of this Report and Recommendation is the Motion to Dismiss Plaintiffs' Amended Complaint ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6) brought by Defendant TASER International, Inc. ("Taser"). *See* docket entry #24. Plaintiff has filed a Response ("Response") in

opposition to the Motion. *See* docket entry #27.

## II. STANDARD

In the Fifth Circuit, "(A) motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The court is required to construe the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true. *See Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). However, in ruling on a Rule 12(b)(6) motion to dismiss, the district court cannot look beyond the pleadings, *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). Thus, the Court will not look beyond the pleadings here.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Rule 8 does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (internal quotation omitted). A plaintiff meets this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III. ANALYSIS AND DISCUSSION**

Plaintiff's lawsuit against Defendant Taser is limited to a single claim of products liability, which is identically worded whether in the Original Complaint or in the operative Amended Complaint. *See* Amended Complaint at 13-14. Plaintiff alleges that:

> Taser International, Inc., is the manufacturer of the subject product to-wit Taser. Defendant noted as distributor/manufacturer/seller herein should be held liable in the matter in light of the Defendant Corporation placing in commerce a product that failed in its intended purposes, it-wit: advertised as a "less-lethal weapon>" It should be noted that Defendant's advertisement is contradictory in nature. Defendant advertises the product as "less-lethal" but places in the marketplace a product that has no instructions as to what point the product can cause death or serious injuries. The advertisement of the Defendant and the industry in general lulls officers into a false sense of safety and causes the multiple and repeated use of the product. The product fails to function properly in context of how the object is marketed. The repeated use of the product is no different than the use of a gun; in fact it is probably more dangerous because the product is unreasonable dangerous in context of its intended use. Defendant Corporation should be held liable for the injures that were cause to Plaintiff by the use of their product.

*See id*. (spelling, syntax and punctuation as in Amended Complaint). Except for the introductory heading and sentence re-alleging the paragraphs articulating the jurisdiction, parties and facts of the case (which allegations are repeated in substance in Part I, above), this paragraph is the entire allegation and pleading with regard to Taser.

In its Motion to Dismiss, Taser argues that Plaintiff fails to plead the required elements to assert a products liability claim; her pleading fails to allege facts from which a design, manufacturing or warning defect existed in its taser product; and Plaintiff has already amended her complaint once but has failed to rectify these infirmities. In addition, Taser argues that no injuries have been alleged as to Plaintiff Jefferson's child, Ki'Asha Buchanan.

More specifically, Taser asserts that a plaintiff may establish a products liability claim three

5

ways: (1) unreasonably dangerous as manufactured; (2) unreasonably dangerous as designed; and (3) unreasonably dangerous as marketed because adequate warnings or instructions were not provided. *See Benavides v. Cushman, Inc.*, 189 S.W.3d 875, 881 (Tex. App. - Houston [1st Dist.] 2006, no pet.) (citing Restatement (Second) of Torts § 402A(1) (1965); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 426 (Tex.1997); and *Sims v. Washex Mach. Corp.*, 932 S.W.2d 559, 561 (Tex. App.- Houston [1st Dist.] 1995, no writ)). Taser asserts, and the Court agrees, that the theory represented by Plaintiff's Amended Complaint is one of a marketing defect. Motion at 4

"A marketing defect occurs when a defendant knows or should have known of a potential risk of harm presented by the product but markets it without adequately warning of the danger or providing instructions for safe use." *Dewayne Rogers Logging, Inc. v. Propac Industries, Ltd.*, 299 S.W.3d 374, 384 (Tex. App. – Tyler 2009, pet. denied) (citing *USX Corp. v. Salinas*, 818 S.W.2d 473, 482 (Tex. App. - San Antonio 1991, writ denied)). The Texas Court of Appeals went on to state:

> The elements that must be proved to recover for a marketing defect are as follows: (1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product must exist; (2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; (3) the product must possess a marketing defect; (4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury.

*Id*. Taser contends that Plaintiff has not properly pleaded these elements in either her Original or Amended Complaints. Specifically, it focuses on the second element, that the product supplier - in this case, Taser itself - must actually know or reasonably foresee the risk of harm when it marketed the product. Therefore, Taser contends, the claim against it should be dismissed, especially given

that Plaintiff had an opportunity to plead properly when she amended her complaint, but instead simply repeated the same, verbatim allegation from the Original Complaint.

"Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678, at *2 (S.D. Tex. Mar. 27, 2012) (quoting *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir.2006), *cert. denied*, 549 U.S. 825, 127 S. Ct. 181, 166 L. Ed. 2d 43 (2006)); *McCord v. Prudential Ins. Co. of America*, 2011 WL 3240486, at (7 (E.D. Tex. July 1, 2011) (same), *adopted by* 2011 WL 3236217 (E.D. Tex. July 28, 2011).

Here, Plaintiff alleges that Defendant Miller used a taser device to subdue her in the early morning hours of March 19, 2009, when Plaintiff resisted deputies of the Grayson County Jail. Amended Complaint at 7. She asserts that she was tased three times. *Id*. She also asserts that Taser manufactured the device; however, she does not identify the particular device she alleges was used on her. *Id*. at 13. She asserts that Taser marketed whichever device was used as a "less-lethal" device but did not include instructions as to at what point the unidentified product could cause death or serious injury. *Id*. at 14. She further alleged that the unidentified product "fails to function properly in context of how the object is marketed," *id*., but does not plead any facts to explain the meaning of that statement, having only alleged it is marketed as "less-lethal." She alleges that the unidentified product is "probably more dangerous" than a "gun," *id*., but again offers no factual pleading to support this speculation.

These allegations, unsupported by almost any allegations of fact other than that Plaintiff was tased by some product and was injured with "contusions" and "muscle spasms," *id*. at 8, may inferentially satisfy some of the elements of pleading listed above, but they cannot satisfy all of them.

The Court notes that Defendant Taser advertises several different products, including various models of taser devices designed for law enforcement use, on its website.  *See* TASER, http://www.taser.com/products/law-enforcement (last visited April 30, 2012).  It is not difficult to discern that a risk of harm may be inherent in the use of a taser-type product and what the intended or anticipated use of the product may be in the law enforcement context, without identifying the type or model of device used, or that the absence of a warning or proper instruction renders a category of product unreasonably dangerous, which could lead to a cause of injury.  In that broad, general sense, Plaintiff's pleading meets certain elements of the claim.  However, without identifying a particular product or range of products, it is difficult to see how a properly-supported pleading may be made that its marketing has been deficient or defective or how the manufacturer is placed on notice of the claim against a particular product.  Given that this lawsuit was filed over a year ago, she has had opportunity to investigate her claims and even to conduct discovery to rectify this generalization, even before filing her Amended Complaint in December 2011.

Additionally, Plaintiff has not pleaded even in a perfunctory way that Taser knew of any marketing defect or should have reasonably foreseen the risk of harm associated therewith at the time it marketed its unidentified taser product.  That is one of the required elements for pleading.

In her Response, Plaintiff ignores most of the substance of Taser's Motion to Dismiss.  Instead, she simply argues that Taser seeks that this Court impose "a 'heightened pleading standard,' that was rejected by the U.S. Supreme Court in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit et. al.*, 507 U.S. 163 (1993)."  Response at 2.  In that vein, she asserts that Fed. R. Civ. P. 8 only requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Id*.  However, she has wholly ignored the standard for pleading, even under Rule

8, stated in *Iqbal*, 556 U.S. at 678, above. Under *Iqbal*, a plaintiff's complaint is sufficient if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Despite Plaintiff's reliance on *Leatherman*, 507 U.S. at 168 and *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *see* Response at 2, the Supreme Court has much more recently made clear that a short and plain statement of the claim is one that gives the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Twombly*, 550 U.S. at 555. Here, Plaintiff's pleading does not create in the Court an inference of Taser's liability under the elements of a products liability marketing defect, and it does not appear to the Court that the pleading is sufficient to give Taser fair notice of the full nature of the claim.

This is Plaintiff's second attempt at alleging a sufficient pleading under federal pleading requirements. In response to her Original Complaint, Taser filed its first Motion to Dismiss (docket entry #8) that pointed out virtually the same infirmities. In response, Plaintiff filed her Amended Complaint. For that reason, the Court denied the first Motion to Dismiss as moot (along with those of Grayson County and Grayson County Sheriff's Department, whose latest Motions to Dismiss in response to the Amended Complaint are addressed separately). However, as noted above, the pleadings with regard to Taser and the products liability claim are a literal cut-and-paste without any effort to rectify the shortcomings of the Original Complaint. On that basis, the products liability claim against Taser should be dismissed with prejudice.

## IV. RECOMMENDATION

It is therefore recommended that Defendant Taser International Inc.'s Motion to Dismiss (docket entry #24) be **GRANTED** and that Taser International Inc. be **DISMISSED** from this

complaint **WITH PREJUDICE**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 2nd day of May, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE