IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DEMONDRIA JEFFERSON** | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § Case No. 4:11CV143 |
| | § |
| **GRAYSON COUNTY, GRAYSON** | § |
| **SHERIFF'S DEPARTMENT, SECURITAS** | § |
| **SECURITY SERVICES, USA, INC. and** | § |
| **TASER INTERNATIONAL, INC.** | § |
| | § |
| Defendants. | § |

**REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE
ON DEFENDANT GRAYSON COUNTY SHERIFF'S DEPARTMENT'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)**

**I.    BACKGROUND**

Plaintiffs Demondria Jefferson and Demondria Jefferson as Guardian of Ki'Asha Buchanan, a minor child (for brevity and ease, the Court will refer to these two individuals collectively in the singular as "Plaintiff"), claim that they were injured in an incident that allegedly occurred on or about March 18 and 19, 2009, at the Grayson County Jail. The complaint was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

On March 18, 2009, Demondria Jefferson turned herself in to the Grayson County Jail for outstanding traffic warrants. She alleges that she was two and one-half months pregnant at that time with Ki'Asha. After she was booked and while she was in a holding cell in the early morning hours of March 19, 2009, she alleges a guard came to take her to her cell. In the course of ascertaining

1

Jefferson's medical condition, the Jail's medical personnel decided it was necessary for her to take a tuberculosis test. She declined, alleging in her complaint that the Jail's and the Grayson County Sheriff's Department's policy was that the test was not mandatory. Jail personnel allegedly insisted and a conflict ensued, during which Jefferson crossed her arms and refused to allow the skin test.

She alleges that Defendants Miller and Burkhart entered her cell with a taser and attempted to unfold her arms. During the struggle, Jefferson alleges that Defendant Miller used her taser at least three times and both defendants called for assistance with her. Jefferson alleges that Defendants Phea, Pearson, Bowman, Neal, Lynch, Scally, Aguirre, Gray and Perkins responded and assisted Defendants Miller and Burkhart subdue her. She alleges she was hurt during the struggle to the floor. One of them allegedly administered the skin test with a needle, after which Defendant Burhkart said that the taser lead stuck in Jefferson's chest and Defendant Miller agreed.

Jefferson alleges that the defendants restrained her while medical personnel tried twice over a span of several minutes in each attempt to retrieve the taser lead before it was removed from her body. She alleges they then left her in the holding cell and were deliberately indifferent to her medical needs afterwards. She claims she experienced "pain all over her body" and went to the hospital after she was released, where she was diagnosed with contusions on her arms, legs, back and chest and had muscle spasms. She alleges she is "on pain medication and muscle relaxers," but has not specified what the medication is or whether it was medically prescribed.

Plaintiff filed her original complaint on March 18, 2011. *See* docket entry #1 ("Original Complaint"). Following an early round of motions, she then filed her amended complaint (docket entry #20) ("Amended Complaint"), which is the operative pleading in this action.

Plaintiff is suing the Grayson County Sheriff's Department ("GCSD"); Grayson County;

Securitas Security Services, USA, Inc. ("Securitas"); Taser International, Inc. ("Taser"); and a number of individuals, including GCSD deputies Donna Miller; Robert Burkhart; Carl Phea; Wanda Pearson; Jason Bowman; Robert Neal; and GCSD medical personnel Patrick Lynch; as well as Securitas employees Le'Ann Scally; Rene Aguirre; Josh Gray; and Michael Perkins.

Plaintiff's claims include a claim against all defendants except Taser pursuant to 42 U.S.C. § 1983 for allegedly violating her Fifth, Eighth and Fourteenth Amendment rights for failing to provide proper medical treatment, indifference to her medical needs, and "erroneous customs, policies, and procedures." Applicable to Grayson County and GCSD, Plaintiff brings claims for excessive use of force, failure to properly train officers in use of a taser; failure to properly discipline and supervise and failure to dismiss violent officers, deliberate indifference to Plaintiff's medical needs, denial of medical attention, and failure to properly train officers in "recognizing and responding to pregnant citizens."

Plaintiff's claims against individual officers include excessive use of force, failure to stop the use of excessive force, and deliberate indifference.

Plaintiff also makes certain "pendent state law claims" against Securitas and Securitas private security officers for similar conduct as described above.

In the alternative, Plaintiff brings "assault and battery" claims against Securitas and all of the individual defendants, but not Taser, Grayson County or GCSD.

Finally, Plaintiff brings a product liability claim against Taser.

The subject of this Report and Recommendation is the Special Appearance and Motion to Dismiss Amended Complaint ("Motion") pursuant to Fed. R. Civ. P. 12(b) brought by Defendant GCSD. *See* docket entry #22. Plaintiff has filed a Response ("Response") in opposition to the

3

Motion. *See* docket entry #26.

**II. STANDARD**

As an initial matter, the Court notes that GCSD has cited generally Fed. R. Civ. P. 12(b)(4), (5), and (6) as the basis for its motion to dismiss. Rule 12(b)(4) governs the defense of insufficient process and Rule 12(b)(5) governs insufficient service of process. While there may be reasons to raise these defenses on behalf of certain employees of GCSD, none of them are argued in this motion to dismiss. Instead, based on the argument discussed below, the Court construes this motion solely under the umbrella of Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

In the Fifth Circuit, "(A) motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The court is required to construe the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true. *See Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). However, in ruling on a Rule 12(b)(6) motion to dismiss, the district court cannot look beyond the pleadings, *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). Thus, the Court will not look beyond the pleadings here.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Rule 8 does not require "detailed factual

allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (internal quotation omitted). A plaintiff meets this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS AND DISCUSSION

The Grayson County Sheriff's Department argues that it is not a separate legal entity that can be sued. It contends that has no jural existence, and it is not subject to suit, citing *Darby v. City of Pasadena*, 939 F.2d 311, 313 (5th Cir. 1991) (under Texas law, absent authorization from a municipality to allow suit against one of its subdivisions as an independent entity, suit cannot proceed against that department) and *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009 (W.E. Tex. 2000); *see also* Fed. R. Civ. P. 17(b)(3) (for municipal entities, capacity to sue or be sued is governed by the law of the state where the court is located). *See* Motion at 2.

The capacity of an entity to be sued is "determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b). Under Texas law, the key issue is whether the entity has been granted the capacity "to sue or be sued." *Dillon v. Jefferson County Sheriff's Dept.*, 973 F.Supp. 626, 627 (E.D. Tex. 1997). A county department must have a separate legal existence to be sued. *See Darby*, 939 F.2d at 313. In Texas, absent express action by the county to grant jural authority, a sheriff's department is not a legal entity capable of being sued. *See Johnson v. City of Houston*, 2010 WL 3909929, at *5 (S.D. Tex. Sept. 30, 2010); *see also Alcala v. Dallas County Sheriff's Department*, 988 F.2d 1210, 1993 WL 82042, at *1 (5th Cir. 1993) (quoting *Darby*, 939 F.2d at 313-

14; *Johnson v. Miles*, 2008 WL 4524823, at *2 (E.D. Tex. Sept. 29, 2008). The Department denies having been conferred such jural authority by Grayson County and contends that it is not a separate jural entity. Motion at 2. Plaintiff has not shown, or even simply alleged, otherwise. *See generally* Response.

Nonetheless, Plaintiff contends that she is suing GCSD and Grayson County together, as a political entity (Grayson County) and its "servient authority," GCSD, under her interpretation of *Darby*, 939 F.2d at 313.[1] She relies on a single passage in *Darby* that states, "[a]ccordingly, our cases uniformly show that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." Response at 3 (quoting *Darby*, 939 F.2d at 313). She therefore asserts that because she is suing both of those entities in one lawsuit, she may proceed against GCSD herein. However, that is not what *Darby* says. In order for a political subdivision to *pursue* a lawsuit on its own, it must have been granted existence as "a separate and distinct corporate entity." *Darby*, 939 F.2d at 313 (quoting *Kirby Lumber Corp. v. State of La. through Anacoco-Prairie State Game and Fish Comm'n*, 293 F.2d 82, 83 (5th Cir. 1951)). There has been no such grant alleged or shown here, even if to "pursue" includes to "defend" a lawsuit, as Plaintiff would interpret it. That reading is consistent with the Fifth Circuit's rulings elsewhere. *See, e.g.*, *Crull v. City of New Braunfels, Texas*,

---

[1] Plaintiff further briefly contends that GCSD is not subject to making a "special appearance" in federal court and has not filed an "appropriate Motion to Dismiss under FRCP 12(b)" so as to constitute a preservation of defenses. Response at 2. It is true that Rule 12 abolished the concept of a "special appearance" in federal court, but a party need not appear specially in order to challenge the claims against him in any case. *See Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 n.6 (5th Cir. 1987). A putative party may file a motion to dismiss pursuant to Rule 12(b)(6) prior to filing an answer and still preserve its defenses and right to proceed if the motion is dismissed. *See* Fed. R. Civ. P. 12(b); *Jones v. Lopez*, 262 F. Supp. 2d 701, 706 (W.D. Tex. 2001).

267 Fed. Appx. 338, 341 (5th Cir. 2008) (per curiam) (affirming the District Court's dismissal of the New Braunfels Police Department while allowing the suit to proceed against the City of New Braunfels). There, the Fifth Circuit stated, "Unless the political entity that created the department has taken 'explicit steps to grant the servient agency with jural authority,' the department *lacks the capacity to sue or be sued*." *Id*. (quoting *Darby* 939, F.2d at 313) (emphasis added). *See also Combs v. City of Dallas*, 289 Fed. Appx. 684, 686 (5th Cir. 2008) (per curiam) (finding that the Dallas Police Department was properly dismissed apart from the City of Dallas because the police department did not have "the capacity to *sue or be sued* as a separate and distinct entity," also citing *Darby*, 939 F.2d at 313; emphasis added).

Therefore, Plaintiff's argument is without merit and the Grayson County Sheriff's Department's motion to dismiss should be granted.

## IV.  RECOMMENDATION

It is therefore recommended that Defendant Grayson County Sheriff's Department's Motion to Dismiss (docket entry #22) be **GRANTED** and that the Department be **DISMISSED** from this complaint **WITH PREJUDICE**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal

conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 2nd day of May, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE