IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DEMONDRIA JEFFERSON** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV143 |
| | § | |
| **GRAYSON COUNTY, GRAYSON** | § | |
| **SHERIFF'S DEPARTMENT, SECURITAS** | § | |
| **SECURITY SERVICES, USA, INC. and** | § | |
| **TASER INTERNATIONAL, INC.** | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE
ON FORMER DEFENDANT GRAYSON COUNTY'S
MOTION TO DISMISS UNSERVED DEFENDANTS
PURSUANT TO FED. R. CIV. P. 12(b)(5)**

**I. BACKGROUND**

Plaintiffs Demondria Jefferson and Demondria Jefferson as Guardian of Ki'Asha Buchanan, a minor child (for brevity and ease, the Court will refer to these two individuals collectively in the singular as "Plaintiff"), claim that they were injured in an incident that allegedly occurred on or about March 18 and 19, 2009, at the Grayson County Jail. The complaint was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

The Court has already recited the basic history and procedural posture of this case in its previous recent Reports and Recommendations on motions to dismiss Grayson County, the Grayson County Sheriff's Department (GSCD) and Taser International, Inc. ("Taser") *See* docket entries #45, 46 and 47. It is unnecessary to repeat it here. Suffice to say that, to date, Defendants Grayson

County, GCSD and Taser have been dismissed from this lawsuit, along with certain state law claims against individual employees of Grayson County.

Grayson County has now filed an additional Motion to Dismiss Unserved Defendants Pursuant to Fed. R. Civ. P. 12(b)(5) (docket entry #57). In this motion, Grayson County seeks the dismissal of all claims against Defendants Donna L. Miller, Robert Burkhart, Carl Phea, Wanda B. Pearson, Jason Bowman, Robert Neal, Patrick Lynch, Rene Aguirre and Josh Gray for Plaintiff's failure to serve them pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5).[1] Defendants Miller, Burkhart, Phea, Pearson and Bowman are or were corrections officers.[2] Defendants Neal and Lynch, both emergency medical technicians, are contract medical staff. Defendants Aguirre and Gray are contract personnel employed by Defendant Securitas Security Services, USA, Inc. ("Securitas").[3]

Grayson County filed its instant motion on May 30, 2012, and electronically served it on counsel for Plaintiff, and others, the same day. *See* Motion at 7 (Certificate of Service). Pursuant

---

[1] The Court noted in its R&R on Grayson County's Motion to Dismiss that Plaintiff had not filed any proofs of service with regard to many, if not all, of these individual Defendants and the Court therefore reserved the power to dismiss them if it turned out that service had not been timely made pursuant to Fed. R. Civ. P. 4(m). *See* Report and Recommendation on Defendant Grayson County's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (docket entry #45) at 5 n.1.

[2] Grayson County asserts in its motion that Officer Miller is now retired. Motion at 2.

[3] Unlike the other municipal or corporate defendants, Defendant Securitas has not filed a motion to dismiss and remains active in this case, as do two of its remaining employees, Defendants Le'Ann Scally and Michael Perkins. Defendant Securitas filed an answer to the original complaint (*see* docket entry #4); Defendants Securitas, Scally and Perkins each filed original answers and amended answers to the amended complaint (*see* docket entries #30, 31, 32, 41, 42 and 43). These are the only answers filed by any defendant in this action; Securitas employees Aguirre and Gray have never answered and Grayson County asserts that they, like the other individual Defendants, have never been served.

to E.D. Tex. Local R. 7(e), Plaintiff's response was due 14 days later, extended by an additional three days by E.D. Tex. Local R. 6(a). Therefore, the response should have been filed by Monday, June 18, 2012. To date, Plaintiff has not responded to the instant Motion to Dismiss, nor has she filed any proof of service of complaint and summonses on, or a waiver of service by, the individual Defendants named above. Furthermore, she has not filed any form of explanation for the failure to serve, nor sought any type of extension of time for such service. Thus, pursuant to E.D. Tex. Local R. 7(d), the Court assumes Plaintiff does not oppose the Motion to Dismiss.

## II.   STANDARD

"Under Rule 4(m) of the Federal Rules of Civil Procedure, if service of summons and complaint is not made upon a defendant within 120 days after a complaint is filed, after giving notice to plaintiff, the court shall dismiss the action without prejudice or direct that service be effected within a specified time, provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *See Cole v. Barnhart*, 193 Fed. Appx. 279, 280-81 (5th Cir. 2006) (per curiam); *see also Gartin v. Par Pharmaceutical Cos., Inc.*, 289 Fed. Appx. 688, 692 (5th Cir. 2008) (per curiam).

Furthermore, a district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243, 248 (5th Cir. 1979) (in special concurrence); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of

prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id*. at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id*.

### III. ANALYSIS AND DISCUSSION

On March 18, 2011, Plaintiff filed the original complaint (docket entry #1), which named only Defendants Grayson County, GCSD, Securitas and Taser, but no individual Defendants. However, on December 2, 2011, Plaintiff filed the amended complaint (docket entry #20), which the Court established as the operative complaint in the case as of the date of its Order Regarding Amended Complaint and Denying as Moot Motions to Dismiss (docket entry #21). That Order was signed and dated on December 20, 2011, and filed on December 22, 2011. The amended complaint named each of the individual Defendants listed above. Plaintiff was required to have served the complaint and summonses on the Defendants within 120 days under Fed. R. Civ. P. 4(m), which states in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court - on motion

4

> or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See id*. Even giving credit for the date of filing of the Court's Order, Plaintiff was required to have served the amended complaint on or before Friday, April 20, 2012.

Grayson County asserts that Plaintiff has never served the amended complaint on the individual Defendants addressed herein. By the exhibits attached to Grayson County's instant motion, it has demonstrated that counsel for Grayson County and GCSD accepted a waiver of service from Plaintiff with regard to the original complaint on April 14, 2011 (letter forwarding two signed waivers, respectively signed and dated March 25 and April 11, 2011). However, those predate the amended complaint in which the individual Defendants are named for the first time effective December 22, 2011. Also attached as exhibits are a letter from Grayson County's counsel dated January 13, 2012, identifying Defendants Burkhart, Phea, Pearson and Bowman as current employees and stating that Defendant Bowman authorized counsel to accept a waiver of service. There then follows two letters dated January 16 and February 1, 2012, in which counsel states that Defendants Miller, Pearson and Burkhart authorized him to accept a waiver of service. However, Grayson County asserts, despite these letters, Plaintiff never served counsel a waiver of service for execution. Neither did Plaintiff actually serve any of these individual Defendants, nor any of the other individual Defendants identified herein. *See* Motion at 1-2, 5-6.

As noted above, Plaintiff has not responded to Grayson County's assertions or submitted any documentation whatsoever to demonstrate that she has either served or attempted to serve the individual Defendants or served or attempted to serve a waiver of service on counsel acting on their

behalf despite counsel's communiqué in that regard. Further, Plaintiff has made no apparent effort to show cause as to either (1) why she failed to do so or (2) why she should be given an extension of time in which to perfect service. It is her burden to do so. *See Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985); *Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008) (per curiam). Furthermore, it is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Newby*, 284 Fed. Appx. at 149 (quoting *Winters*, 776 F.2d at 1305-06). Plaintiff's burden is to demonstrate "at least as much as would be required to show excusable neglect . . . ." *Id.* (quoting *Winters*, 776 F.2d at 1306). Here, Plaintiff has given the Court nothing to attempt to show good cause for her failure or why the individual Defendants should not be dismissed without prejudice as a result.

In *Cole*, *supra*, the district court entered an order of dismissal for want of prosecution for that plaintiff's failure to serve summons on the defendant within 120 days. *Cole*, 193 Fed. Appx. at 280. There was no record of that district court's having given notice of its intent to dismiss prior to doing so. *Id*. The Fifth Circuit reversed, emphasizing that such notice must be given prior to an actual dismissal. *Id*. at 281. In *Gartin*, *supra*, on the other hand, the District Court[4] issued a "Notice of Impending Dismissal" putting the plaintiff in that case on notice of the potential for dismissal of a party for failure to timely serve it. *See Gartin*, 289 Fed. Appx. at 690. In that case, the plaintiff had named a number of individual defendants, but failed to serve one of them within the 120-day requirement for doing so under Rule 4(m). Ultimately, the Fifth Circuit upheld the District Court's

---

4     Coincidentally, the same District Judge presiding in this case.

dismissal of the unserved defendant, based in part on notice having been given. *Id.* at 694-95. In this case, similarly, Plaintiff was initially placed on notice by the Court's observation in its Report and Recommendation of May 2, 2012 (*see* docket entry #45 at 5 n.1); Defendant Grayson County then filed its instant Motion to Dismiss, to which Plaintiff has had more than ample time to respond; and now, the Court issues the instant Report and Recommendation that the individual Defendants be dismissed without prejudice. Even before that string of events, the letters sent from Grayson County's counsel to Plaintiff's counsel that are attached as exhibits to the Motion to Dismiss provided even earlier notice of the need to perfect service. That gives Plaintiff more than enough notice of a possible dismissal for failure to serve and concomitant failure to prosecute.

Another concern is raised by the timing of this case, however. Plaintiff contends in her original and amended complaints that the conduct over which she sues occurred between the night of March 18 and the morning of March 19, 2009. *See* Complaint at 3; Amended Complaint at 5-6. She did not file her lawsuit until March 18, 2011, literally on the eve of the expiration of the statute of limitations applicable to a civil rights lawsuit under 42 U.S.C. § 1983.[5] Even then, she did not name the individual Defendants in this case until the effective filing date of the amended complaint on December 22, 2012. Dismissing the individual Defendants even without prejudice at this point, as opposed to granting Plaintiff an extension of time in which to perfect service, might preclude

---

[5] There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period, but federal law determines the date the accrual commences. *Wallace v. Kato*, 549 U.S. 384, 387-88, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). The statute of limitations in Texas for § 1983 actions is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). Accrual begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell*, 883 F.2d at 418.

Plaintiff from ever proceeding against them due to the expiration of the limitations period. However, the Fifth Circuit also addressed this issue in *Gartin*. There, the Fifth Circuit reasoned that,

> To permit a delay in service when the complaint is served immediately prior to the running of the statute of limitations undercuts the purposes served by the statute. Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims.

*See Gartin*, 289 Fed. Appx. at 694. As noted above, Plaintiff filed her original complaint at the last possible date on which it could be served without exceeding the limitations period in a § 1983 case. She did not even name the individual Defendants until about nine months later in the amended complaint. Service was due on those individual Defendants by April 20, 2012. That date has now been exceeded, without service or any apparent attempt by Plaintiff to excuse her untimeliness, by over 60 additional days. In fact, Plaintiff has apparently ignored Grayson County's motion on this subject as well. That tends to demonstrate a "clear record of delay." *See id*. There appears to be no reason why the individual Defendants should not be dismissed without prejudice or, indeed, why any lesser sanction would be effective in this case. *Id*.

## IV. RECOMMENDATION

It is therefore recommended that Grayson County's Motion to Dismiss Unserved Defendants Pursuant to Fed. R. Civ. P. 12(b)(5) (docket entry #57) be **GRANTED** and that individual Defendants Donna L. Miller, Robert Burkhart, Carl Phea, Wanda B. Pearson, Jason Bowman, Robert Neal, Patrick Lynch, Rene Aguirre and Josh Gray be **DISMISSED** from this complaint without prejudice for Plaintiff's failure to timely serve them pursuant to Fed. R. Civ. P. 4(m); for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); and failure to prosecute pursuant to Fed. R.

Civ. P. 41(b).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 25th day of June, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE